AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. |
|  | )          226M |
|  | ) |
|  | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ District of _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

*Christopher Solda*
Complainant's signature

_____
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: _____

_____
*Judge's signature*

City and state: _____

_____
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer Christopher Solda, of the Drug Enforcement Administration, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. This affidavit is in support of the issuance of a criminal complaint against Durell PATTON ("PATTON") for violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) (possession of cocaine with intent to distribute) and of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a prohibited person).  As explained below, PATTON was arrested on May 17, 2023, and cocaine and a gun were found in his residence.

2. I am investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and Federal Rule of Criminal Procedure 41, and am empowered by law to conduct investigations of, and to make arrests for, offenses in Titles 18 and 21 of the United States Code.  I am presently employed as a State Trooper for the State of Delaware and assigned as a Task Force Officer (TFO) for the Drug Enforcement Administration (DEA).

3. Specifically, I am a Delaware State Trooper assigned to the Kent County Drug Unit and a TFO for the Drug Enforcement Administration, Dover Post of Duty (DPOD).  I have been a Delaware State Trooper since September 2015. Prior to being assigned to the Kent County Drug Unit I was assigned to the Troop 3 Proactive Criminal Enforcement Unit (P.A.C.E) which focused on narcotics, guns, and other criminal activity. I have completed training in both basic and advanced drug investigations through the Delaware State Police Academy. I have also completed additional training in drug interdiction, drug investigations, and firearm investigations throughout my career.  I have made numerous weapon and drug related arrests while employed as a sworn member of the Delaware State Police.  I have conducted controlled and direct

purchases of illicit narcotics.  I have authored numerous search warrants executed by the Delaware State Police which have resulted in money, guns, drugs, and property being seized. Additionally, I have assisted in active Title III investigations.  I was awarded the 2018 Delaware State Police Trooper of the Year for outstanding investigations in narcotics, firearms, and other criminal activity.

4. Since April 2021, I have been assigned to the Dover, Delaware Post of Duty of the Philadelphia Division of the DEA, where I have been responsible for investigating drug, violent crime, and criminal enterprise offenses.  During my career in law enforcement, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, and the organization of drug conspiracies. I have participated in numerous search warrants, which has led to the collection of valuable evidence, fruits, and instrumentalities of drug trafficking. Additionally, as a TFO I have acquired knowledge and experience specific to illegal drugs and drug trafficking from investigations, research, and training. I am one of the case agents assigned to this investigation.

5. I have received training regarding the identification, manufacture, and distribution techniques of illegal drugs, including cocaine, heroin, fentanyl, marijuana, and crystal methamphetamine.  I have attended numerous schools and seminars that specialized in all aspects of controlled substances investigations, including the following:  1) Cultivation and Management of Confidential Informants; 2) General and Advanced Narcotics Investigations; and 3) Drug Interdiction.  I have also completed the DEA Narcotics Investigations course and the Federal Bureau of Investigation's Investigators course.

6. I have participated in over twenty investigations of violations of Title 21 of the United States Code and over one hundred investigations of violations of Title 16 of the Delaware

Code, the Health and Safety Code, which contains criminal penalties for controlled substance-related offenses. These investigations have resulted in the arrests and convictions of persons for violations of these laws. During my career I have become familiar with the patterns of activity of drug traffickers including the methods, language, and terms that are used to discuss illegal drug dealing. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used within the framework of drug trafficking and how drug traffickers utilize wire communications to facilitate their illegal activities. I have become familiar with the manner in which illegal drugs are transported, stored, distributed, and the methods of payment for such drugs. I have conducted surveillance of drug traffickers and have observed them interact with their suppliers, criminal associates, and customers. I have conducted interviews of informants and/or defendants including drug users, street-level dealers, and upper-level distributors.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

8. On May 16, 2023, agents obtained a federal search warrant of an address in Dover, Delaware tied to PATTON ("PATTON'S RESIDENCE"). PATTON'S RESIDENCE was tied to him as a result of informant/tipster information and physical surveillance of him at that address.

9. The search warrant was executed on May 17, 2023. Officers made entry into PATTON'S RESIDENCE at approximately 6:00 a.m. PATTON was in front of the master bedroom when officers entered and he was taken into custody.

10. When agents searched PATTON'S RESIDENCE, they found over 65 gross grams

of cocaine broken into multiple bags in the top center drawer of the TV stand in the master bedroom.  Agents also found approximately 2.5 "bundles," or about 30 individual baggies, of suspected fentanyl.  Agents also found a Heckler & Koch ("HK") 40 caliber firearm, with serial number 22-031445, in the master bathroom underneath the sink.

11. The suspected cocaine was field tested, and it tested positive for the presence of cocaine.

12. Based on my training and experience, a quantity of over 60 grams of cocaine is consistent with a quantity that a drug dealer possesses for distribution, rather than a personal use quantity of those substances.

13. PATTON is a multiple-time convicted felon.  In the Superior Court in the State of Delaware, he was found guilty of the following offenses:

   a. On August 02, 1999, PATTON was convicted of Possession with intent to manufacture a narcotic schedule II controlled Substance.

   b. On January 11, 2000, PATTON was convicted of Unlawful Sexual intercourse third degree-victim less than 16 years of age.

   c. On March 25, 2004 PATTON was convicted of Forgery Second Degree- Public Record or Instrument Filed by public servant.

   d. On April 15, 2009, PATTON was convicted of Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance.

14. These felony convictions prohibit PATTON from owning or possessing a firearm because they are punishable by more than a year of incarceration.

15. PATTON knew that he was convicted of a crime punishable by more than one year of imprisonment because defendants are routinely informed in the Superior Court of

Delaware as part of guilty pleas or at sentencing after convictions that their conviction renders them prohibited from possessing a firearm.

16. Based on my training and experience and discussions with other agents, I am aware that the type of gun possessed by PATTON was not manufactured within the state of Delaware, and therefore the gun would have had to travel in interstate or foreign commerce before it was possessed by PATTON.

## CONCLUSION

WHEREFORE, based on the foregoing facts, I submit that there is probable cause to believe that PATTON has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 922(g)(1), and therefore respectfully request that the Court issue a criminal complaint charging him with those offenses.

*Christopher Solda*
Christopher Solda
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed to me by telephone this **17th** day of May 2023

_____
HON. SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE